IN THE CIRCUIT COURT OF MAURY COUNTY, TENNESSEE

| | |
|---|---|
| WESLEY WILLIAMS and PHILLIP WILLIAMS, | )<br>)<br>) Docket No. 17155 |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| REMOND CROOM and CRETE CARRIER CORPORATION, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs state:

1. Plaintiff Wesley Williams is a citizen and resident of Lawrence County, Tennessee.

2. Plaintiff Phillip Williams is a citizen and resident of Lawrence County, Tennessee.

3. Defendant Remond Croom is a citizen and resident of Texas and may be served with process at 5436 County Road 4604, Commerce, Texas 75428.

4. Defendant Crete Carrier Corporation is a Nebraska corporation, and may be served with process through its registered agent Curtis Ruwe, 400 NW 56th Street, Lincoln, Nebraska 68528.

5. On December 8, 2020, Defendant Remond Croom was driving a semi-truck on Oakwood Drive in Mount Pleasant, Maury County, Tennessee, towards the intersection with US Highway 43 (hereafter "the intersection").

6. At the same time, Plaintiff Wesley Williams was driving a vehicle on US Highway 43, towards the intersection.

1

EXHIBIT A

7. Plaintiff Phillip Williams was a passenger in the vehicle operated by Plaintiff Wesley Williams.

8. Defendant Remond Croom drove into the intersection, blocking Plaintiff Wesley Williams' lane of travel and causing a collision.

9. Defendant Remond Croom is at fault for the collision.

10. Defendant Remond Croom did not have the right of way as he entered the intersection.

11. Plaintiff Wesley Williams had the right of way as he entered the intersection.

12. Defendant Remond Croom failed to yield the right of way to Plaintiff Wesley Williams.

13. Defendant Remond Croom failed to obey traffic control signals, signs, or both.

14. Defendant Remond Croom failed to maintain a proper lookout.

15. Defendant Remond Croom failed to pay proper attention.

16. Defendant Remond Croom failed to keep the semi-truck he was operating under proper control.

17. Defendant Remond Croom drove the semi-truck into the intersection in an attempt to turn left when it was not safe to do so.

18. Defendant Remond Croom failed otherwise to use reasonable and due care in the operation of the semi-truck he was driving so as to avoid injury to other persons using the roadway, including Plaintiff Wesley Williams and passenger Plaintiff Phillip Williams.

19. Based on Defendant Remond Croom's conduct described herein, Defendant Remond Croom was negligent.

20. Defendant Remond Croom violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with the vehicle Plaintiff Wesley Williams was operating, and in which Plaintiff Phillip Williams was a passenger, by failing to maintain a safe lookout, by failing to keep the semi-truck he was operating under proper control, and by failing to devote full time and attention to operating the semi-truck he was driving, under the existing circumstances to avoid endangering life, limb, or property.

21. Based on Defendant Remond Croom's conduct described herein that violated any of Tennessee's statutory Rules of the Road, Defendant Remond Croom was negligent *per se*.

22. At all times relevant to the matters alleged herein, Defendant Crete Carrier Corporation, was the owner of the semi-truck that Defendant Remond Croom was operating at the time of the collision.

23. At all times relevant to the matters alleged herein, the semi-truck that Defendant Remond Croom was operating at the time of the collision was registered in the name of Defendant Crete Carrier Corporation.

24. Plaintiff Wesley Williams and passenger Plaintiff Phillip Williams invoke the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

25. At all times relevant to the matters alleged herein, Defendant Remond Croom was driving the semi-truck with the permission of Defendant Crete Carrier Corporation.

26. At all times relevant to the matters alleged herein, Defendant Remond Croom was an agent, employee, or both of Defendant Crete Carrier Corporation.

27. At all times relevant to the matters alleged herein, Defendant Remond Croom was acting in the course and scope of his agency, employment, or both on behalf of Defendant Crete Carrier Corporation.

28. At all times relevant to the matters alleged herein, Defendant Crete Carrier Corporation, is vicariously responsible for the negligent acts, omissions, or both of Defendant Remond Croom under the doctrine of *respondeat superior*.

29. At all times relevant to the matters alleged herein, Defendant Crete Carrier Corporation, knew or reasonably should have known of Defendant Remond Croom's propensity to operate semi-trucks in a negligent manner so as to create an unreasonable risk of harm to others.

30. Defendant Crete Carrier Corporation's negligent entrustment of its semi-truck to Defendant Remond Croom is the direct and proximate cause of the collision and Plaintiff Wesley Williams' and passenger Plaintiff Phillip Williams' injuries and damages.

31. Plaintiff Wesley Williams has suffered injuries as a direct and proximate result of the collision.

32. Plaintiff Wesley Williams has incurred medical bills and other expenses as a direct and proximate result of the collision.

33. Plaintiff Wesley Williams has endured physical pain and mental suffering as a direct and proximate result of the collision.

34. Plaintiff Wesley Williams has suffered loss of enjoyment of life as a direct and proximate result of the collision.

35. Plaintiff Wesley Williams has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

36. Plaintiff Phillip Williams has suffered injuries as a direct and proximate result of the collision.

4

37. Plaintiff Phillip Williams has incurred medical bills and other expenses as a direct and proximate result of the collision.

38. Plaintiff Phillip Williams has endured physical pain and mental suffering as a direct and proximate result of the collision.

39. Plaintiff Phillip Williams has suffered loss of enjoyment of life as a direct and proximate result of the collision.

40. Plaintiff Phillip Williams has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

41. Plaintiff Wesley Williams and passenger Plaintiff Phillip Williams seek to recover all of their damages allowed under Tennessee law.

WHEREFORE, Plaintiff Wesley Williams and passenger Plaintiff Phillip Williams pray for the following relief:

1. Judgments for compensatory damages against Defendant Remond Croom and Defendant Crete Carrier Corporation, jointly and severally, in an amount to be determined by the trier of fact, but in excess of $25,000;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted,

_____
R. Burke Keaty, II, BPR#027342
MORGAN & MORGAN – NASHVILLE, PLLC
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 514-4205
bkeaty@forthepeople.com
*Attorney for Plaintiff*

6

| Maury County Circuit Court | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 1 | Case Number 17155 |
|---|---|---|

**WESLEY WILLIAMS & PHILLIP WILLIAMS Vs. REMOND CROOM & CRETE CARRIER CORPORATION**

Served On: **CRETE CARRIER CORPORATION, Registered Agent Curtis Ruwe, 400 NW 56th Street, Lincoln, Nebraska 68528 – VIA PRIVATE PROCESS**

You are hereby summoned to defend a civil action filed against you in Circuit Court, -Maury County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 12/2/21

_____
Clerk / Deputy Clerk

Attorney for Plaintiff: **Burke Keaty, MORGAN & MORGAN – NASHVILLE, PLLC, 810 Broadway, Suite 105, Nashville, Tennessee 37203**

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to **Sandy McLain, Clerk, Maury County Circuit Court, 41 Public Square, Columbia, TN 38401**

**CERTIFICATION (IF APPLICABLE)**

I, _____, Circuit Court Clerk of Maury County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Please Print: Officer, Title

Agency Address _____   Signature _____

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff _____   Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call Sandy McLain, ADA Coordinator, at 931-375-1100.*

*Rev. 03/11*

| Maury County Circuit Court | **STATE OF TENNESSEE** <br> **CIVIL SUMMONS** <br> page 1 of 1 | Case Number <br> **17155** |
|---|---|---|

**WESLEY WILLIAMS & PHILLIP WILLIAMS Vs. REMOND CROOM & CRETE CARRIER CORPORATION**

Served On: **CRETE CARRIER CORPORATION, Registered Agent Curtis Ruwe, 400 NW 56th Street, Lincoln, Nebraska 68528 – VIA PRIVATE PROCESS**

You are hereby summoned to defend a civil action filed against you in Circuit Court, -Maury County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 12/2/21

Clerk / Deputy Clerk: C. Cooper

Attorney for Plaintiff: **Burke Keaty, MORGAN & MORGAN – NASHVILLE, PLLC, 810 Broadway, Suite 105, Nashville, Tennessee 37203**

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   Sandy McLain, Clerk, Maury County Circuit Court, 41 Public Square, Columbia, TN 38401

### CERTIFICATION (IF APPLICABLE)

I, _____, Circuit Court Clerk of Maury County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Please Print: Officer, Title

Agency Address   Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff   Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call Sandy McLain, ADA Coordinator, at 931-375-1100.*

*Rev. 03/11*